UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK RANSOM,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**

1:19-CV-00096 EAW

## INTRODUCTION

Represented by counsel, plaintiff Derrick Ransom ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 11; Dkt. 12), and Plaintiff's reply (Dkt. 13). For the reasons discussed below, Plaintiff's motion (Dkt. 11) is granted in part, the Commissioner's motion (Dkt. 12) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his application for SSI on June 29, 2015. (Dkt. 7 at 95, 106).[1] In his application, Plaintiff alleged disability beginning January 1, 2013, due to the following impairments: cervical radiculopathy with muscle loss and chronic headaches; cervical pain with radiculopathy and muscle loss; and chronic headaches. (*Id.* at 95-96).

Plaintiff's application was initially denied on September 17, 2015. (*Id.* at 117-25). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") William M. Weir in Buffalo, New York, on October 13, 2017. (*Id.* at 36-82). On January 31, 2018, the ALJ issued an unfavorable decision. (*Id.* at 16-35). Plaintiff requested Appeals Council review; his request was denied on November 30, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-8). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.  Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

**I.     The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since June 29, 2015, the application date.  (Dkt. 7 at 22).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "cervical spine degenerative disc disease status post surgeries and migraine headaches." (*Id.*).  The ALJ further found that Plaintiff's medically determinable impairments of hypertension and situational depression were non-severe.  (*Id.* at 22-24).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 24).  The ALJ particularly considered the criteria of Listings 1.04 and 11.02 in reaching his conclusion.  (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the additional limitations that:

> [Plaintiff could] never perform work above a specific vocational preparation level of two meaning simple, repetitive work with one-to-two step tasks, never change workplace or task more than once per day, and frequently handle, finger, and feel.

(*Id.* at 25-28).  At step four, the ALJ found that Plaintiff was unable to perform his past relevant work.  (*Id.* at 28).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of surveillance systems monitor and telephone survey work. (*Id.* at 29). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 29-30).

## II.     Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that the ALJ erred in relying on medical opinions that had been rendered stale by Plaintiff's subsequent cervical fusion surgery, the ALJ improperly weighed the medical opinions of record, and the ALJ should have ordered a consultative examination of Plaintiff's physical condition. (Dkt. 11-1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the ALJ improperly weighed the medical opinions of record, and that this error necessitates remand for further administrative proceedings.

### A.     The ALJ Erred in Weighing the Medical Opinions of Record

Plaintiff argues, and the Court agrees, that the ALJ erred in failing to discuss and weigh a medical source statement dated June 16, 2015. (*See* Dkt. 7 at 378). First, an ALJ has an affirmative duty to develop the record. "Although the claimant has the general burden of proving that he or she has a disability within the meaning of the Act, because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Ubiles v. Astrue*, No. 11-CV-

6340T(MAT), 2012 WL 2572772, at *7 (W.D.N.Y. July 2, 2012) (internal quotation marks omitted). This duty to develop the record exists even when the claimant is represented by counsel. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). In particular, "[i]f a physician's report is believed to be insufficiently explained, lacking in support, or inconsistent with the physician's other reports, the ALJ must seek clarification and additional information from the physician, as needed, to fill any clear gaps before rejecting the doctor's opinion." *Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp. 2d 496, 504 (S.D.N.Y. 2014) (citation omitted).

Although the unsigned medical source statement appears to be missing a page, the opinion stated that Plaintiff was unable to perform even sedentary work due to bilateral radiculopathy in his upper extremities and muscle wasting with some weakness. (*Id.*). This opinion was thus inconsistent with the ALJ's RFC assessment, and it was of critical importance whether it was issued by a treating physician. The incomplete medical source statement created a clear gap in the record that the ALJ should have filled. As such, the ALJ failed to develop the record by not attempting to obtain the missing page and to discern the statement's author. *See, e.g.*, *Brown v. Comm'r of Soc. Sec.*, No. 18-CV-11175 (GBD) (KNF), 2020 WL 420317, at *6 (S.D.N.Y. Jan. 8, 2020) (holding ALJ failed to develop record where she rejected undated and unsigned medical source statement without noticing it was incomplete and filling gap in the record).

The Commissioner argues that because the medical source statement was "exhibited in the record . . . the ALJ['s] failure to discuss the unsigned report was not error." (Dkt. 12-1 at 11). The Commissioner is correct to the extent that he argues that the ALJ need

"not recite every piece of evidence that contributed to the decision." (*Id.* (citing *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)); *see also Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("[A]n ALJ is not required to discuss every piece of evidence submitted."). However, this does not end the Court's inquiry. Although the Commissioner has primacy in weighing the evidence, the ALJ is required to follow the Social Security regulations in doing so. "In assessing a disability claim, an ALJ must consider and weigh the various medical opinions of record." *Shillenn v. Comm'r of Soc. Sec.*, No. 1:17-CV-01225-MAT, 2019 WL 5586982, at *3 (W.D.N.Y. Oct. 30, 2019). "The Commissioner's regulations provide that '[r]egardless of its source, [the ALJ] will evaluate every medical opinion [he] receive[s].'" *Id.* (quoting 20 C.F.R. § 404.1527(d)). Here, there is no indication in the record that the ALJ considered or weighed the incomplete medical source statement, which is legal error requiring remand. *See Barrett v. Colvin*, 211 F. Supp. 3d 567, 582 (W.D.N.Y. 2016) (remanding where the ALJ failed to follow Social Security regulations by not properly weighing the opinions of physicians).

The ALJ's failure to weigh the medical source statement necessitates remand. Although it is not clear on the current record that the medical source statement would have been entitled to more or controlling weight, the ALJ's failure to apply the appropriate standards in weighing them "frustrates meaningful review because it hinders the court's ability to determine whether the ALJ's decision is supported by substantial evidence." *Nolan v. Comm'r of Soc. Sec.*, No. 1-17-CV-1190 (WBC), 2019 WL 342413, at *4 (W.D.N.Y. Jan. 8, 2019) (collecting cases remanding for failure to appropriately weigh and consider opinions of record). Accordingly, remand on this basis is warranted.

"not recite every piece of evidence that contributed to the decision." (*Id.* (citing *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)); *see also Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("[A]n ALJ is not required to discuss every piece of evidence submitted."). However, this does not end the Court's inquiry. Although the Commissioner has primacy in weighing the evidence, the ALJ is required to follow the Social Security regulations in doing so. "In assessing a disability claim, an ALJ must consider and weigh the various medical opinions of record." *Shillenn v. Comm'r of Soc. Sec.*, No. 1:17-CV-01225-MAT, 2019 WL 5586982, at *3 (W.D.N.Y. Oct. 30, 2019). "The Commissioner's regulations provide that '[r]egardless of its source, [the ALJ] will evaluate every medical opinion [he] receive[s].'" *Id.* (quoting 20 C.F.R. § 404.1527(d)). Here, there is no indication in the record that the ALJ considered or weighed the incomplete medical source statement, which is legal error requiring remand. *See Barrett v. Colvin*, 211 F. Supp. 3d 567, 582 (W.D.N.Y. 2016) (remanding where the ALJ failed to follow Social Security regulations by not properly weighing the opinions of physicians).

The ALJ's failure to weigh the medical source statement necessitates remand. Although it is not clear on the current record that the medical source statement would have been entitled to more or controlling weight, the ALJ's failure to apply the appropriate standards in weighing them "frustrates meaningful review because it hinders the court's ability to determine whether the ALJ's decision is supported by substantial evidence." *Nolan v. Comm'r of Soc. Sec.*, No. 1-17-CV-1190 (WBC), 2019 WL 342413, at *4 (W.D.N.Y. Jan. 8, 2019) (collecting cases remanding for failure to appropriately weigh and consider opinions of record). Accordingly, remand on this basis is warranted.

Further, although Plaintiff has not raised the issue, the Court notes *sua sponte* that the ALJ also erred in assessing the opinion of treating internist Dr. Nischala Dhanekula. *See, e.g.*, *Best v. Comm'r of Soc. Sec.*, No. 18-CV-5751 (PKC), 2020 WL 1550251, at *7 (E.D.N.Y. Mar. 31, 2020) (finding *sua sponte* that ALJ erred in crediting opinions of consultative examiners over treating physicians); *Andrews v. Colvin*, No. 6:12-CV-6651 MAT, 2013 WL 5878114, at *9 (W.D.N.Y. Oct. 30, 2013) (finding *sua sponte* that ALJ erred at step two by "accepting the diagnosis and treatment notes of a social worker over those of the consultative psychologist"). The Court finds it appropriate to raise this issue *sua sponte* "to provide guidance on remand." *Howard v. Comm'r of Soc. Sec.*, 203 F. Supp. 3d 282, 298 (W.D.N.Y. 2016); *see also Maldonado v. Comm'r of Soc. Sec.*, No. 12-CV-5297 JO, 2014 WL 537564, at *17 (E.D.N.Y. Feb. 10, 2014).

Because Plaintiff's claim was filed before March 27, 2017, the ALJ was required to apply the treating physician rule, under which a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). Under the treating physician rule, if the ALJ declines to afford controlling weight to a treating physician's medical opinion, he or she "must consider various factors to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). These factors include:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's

- 9 -

opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Id.* "An ALJ's failure to explicitly apply the[se] . . . factors when assigning weight at step two is a procedural error." *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (quotation omitted). However, such error is harmless if "a searching review of the record" confirms "that the substance of the treating physician rule was not traversed." *Id.* (quotations omitted).

Whatever weight the ALJ assigns to the treating physician's opinion, he must "give good reasons in [his] notice of determination or decision for the weight [he gives to the] treating source's medical opinion." 20 C.F.R. § 404.1527 (c)(2); *see also Harris v. Colvin*, 149 F. Supp. 3d 435, 441 (W.D.N.Y. 2016) ("A corollary to the treating physician rule is the so-called 'good reasons rule,' which is based on the regulations specifying that 'the Commissioner "will always give good reasons"' for the weight given to a treating source opinion." (quoting *Halloran*, 362 F.3d at 32)). "Those good reasons must be supported by the evidence in the case record, and must be sufficiently specific. . . ." *Harris*, 149 F. Supp. 3d at 441 (internal quotation marks omitted). The Second Circuit "[does] not hesitate to remand when the Commissioner's decision has not provided 'good reasons' for the weight given to a [treating physician's] opinion and [it] will continue remanding when [it] encounter[s] opinions from [ALJs] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33.

Here, the ALJ assigned treating internist Dr. Dhanekula's February 2016 opinion "some weight." (Dkt. 7 at 28). Despite noting that Dr. Dhanekula opined that Plaintiff

was very limited in using his hands, the ALJ assessed a contrary limitation and found that Plaintiff could frequently handle, finger, and feel.  (*See id.*).  The ALJ did not explain why he assessed a lesser limitation than that identified by Dr. Dhanekula regarding Plaintiff's ability to use his hands; rather, the ALJ characterized his assessment as consistent with Dr. Dhanekula's opinion.  (*Id.* ("I relied upon [Dr. Dhanekula's opinion] to limit [Plaintiff] . . . to frequently handle, finger, and feel.")).

The Court finds that the ALJ's consideration of Dr. Dhanekula's opinion did not comport with the applicable regulations.  The RFC need not "perfectly correspond with any of the opinions of medical sources in [the] decision," *see Matta*, 508 F. App'x at 56, and an ALJ is free to not give controlling weight to the opinion of a treating physician if it is internally inconsistent, or if it is inconsistent with other evidence in the record, *see Micheli v. Astrue*, 501 F. App'x 26, 28-29 (2d Cir. 2012) (ALJ did not err in declining to afford controlling weight to treating physician, where the opinion was internally inconsistent and inconsistent with the evidence in the record).  However, "when an ALJ adopts only portions of a medical opinion he or she must explain why the remaining portions were rejected."  *Labonte v. Berryhill*, No. 16-CV-518-FPG, 2017 WL 1546477, at *3 (W.D.N.Y. May 1, 2017) (collecting cases).

Here, the ALJ offered no rationale for not adopting Dr. Dhanekula's opinion relating to Plaintiff's ability to use his hands, but instead inaccurately implied that his conclusion was consistent with Dr. Dhanekula's assessment.  This error was especially problematic considering the ALJ expressly cited Exhibit 17F as support for his assessment of Dr. Dhanekula's opinion (*see* Dkt. 7 at 28), but the evidence contained in that exhibit actually

undermines the ALJ's finding that Plaintiff could frequently handle, finger, and feel. (*See id.* at 658 (Dr. Dhanekula noted that Plaintiff had weakness in hands bilaterally and muscle wasting), 660 (Dr. Dhanekula noted that Plaintiff had muscle wasting, paresthesia, and tingling), 662 (Dr. Dhanekula assessed Plaintiff with cervical neuropathy, noting "significant muscle wasting and mild weakness in his upper extremities" and Plaintiff's reports of "occasional numbness and burning pain in his arms"), 666 (Dr. Dhanekula noted that Plaintiff has weakness and decreased sensation in upper extremities)).

The Court also cannot conclude that such error was harmless as the VE had identified the representative occupations of surveillance systems monitor and telephone survey worker based on the ALJ's hypothetical RFC, which included an ability to frequently handle, finger, and feel. (*See id.* at 72). The VE confirmed that if a hypothetical individual was limited to occasional handling, fingering, and feeling, the individual would be unable to perform the job of a telephone survey worker. (*See id.* at 74). The VE also confirmed that the hypothetical individual would be unable to perform the job of a surveillance systems monitor if the individual was unable to momentarily use his hands because he would be unable to respond to notification of a trespasser. (*See id.* at 77). This additional error provides further support for the Court's conclusion that remand is necessary. *See Labonte*, 2017 WL 1546477, at *4 (remand required where ALJ failed to explain why he rejected doctor's opinion that plaintiff would be occasionally off task in light of VE's testimony that the limitation would preclude employment); *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *4 (W.D.N.Y. Aug. 25, 2015) (remand appropriate where ALJ "failed to provide an explanation for not incorporating into the RFC

some of the limitations identified in that opinion—particularly those that would lead to a finding of disability" (citations omitted)).

### B.      Remaining Arguments

As set forth above, Plaintiff has also argued that the ALJ committed legal error by relying on medical opinions that were rendered stale by his subsequent cervical surgery and by refusing to order a consultative examination as to Plaintiff's physical condition. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Raymer*, 2015 WL 5032669, at *7 (declining to reach plaintiff's remaining argument after having concluded that the ALJ erred in evaluating the opinion of plaintiff's treating physician); *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 268 n.14 (E.D.N.Y. 2010) (declining to reach plaintiff's remaining argument after having concluded that the ALJ erred in applying the treating physician rule). However, on remand, the Court expects that the Commissioner will comply with his regulations regarding development of the record and will ensure that the record contains medical information reflecting Plaintiff's current physical condition.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Dkt. 12) is denied. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:      June 1, 2020
            Rochester, New York